**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> JOHN L. SINATRA, JR.,
> *District Judge.*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/2023

_____

GADI BRAUDE,

    *Petitioner-Appellant*,

v.                                No. 22-1985

DORONA MIA ZIERLER,

    *Respondent-Appellee*.

_____

---

[*] Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

**For Petitioner-Appellant:**  Gadi Braude, pro se, Thornhill, ON, Canada.

**For Respondent-Appellee:**  Mark E. McDonald, Cleary Gottlieb Steen & Hamilton LLP, New York, NY; Ye Eun (Charlotte) Chun, Clearly Gottlieb Steen & Hamilton LLP, Palo Alto, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motions to expand the record on appeal are **DENIED** and the judgment of the district court is **AFFIRMED.**

Gadi Braude, proceeding pro se, appeals the district court's denial of his petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.*, to return his two children – who reside with their mother, Dorona Mia Zierler, in the United States – to Canada. He also moves to expand the record on appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

"[W]hen a child has been wrongfully removed or retained from his country of habitual residence, Article 12 of the Hague Convention generally requires the deciding authority (here, a district court) to order the return of the child." *Golan v. Saada*, 142 S. Ct. 1880, 1891 (2022) (internal quotation marks omitted). However, "[u]nder Article 13(b) of the Convention, . . . a court is not bound to order the return of the child if the court finds that the party opposing return has established that return would expose the child to a grave risk of physical or psychological harm." *Id.* at 1891–92 (internal quotation marks omitted); *see also* 22 U.S.C. § 9003(e)(2)(A). In other words, "[b]y providing that a court is not bound to order return upon making a grave-risk finding, Article 13(b) lifts the Convention's return requirement, leaving a court with the discretion to grant or deny return." *Golan*, 142 S. Ct. at 1892 (internal quotation marks omitted). Moreover, a district court's "discretion to determine whether to return a child where doing so would pose a grave risk to the child includes the discretion whether to consider ameliorative measures that could ensure the child's safe return." *Id.* at 1893.

Here, after holding a three-day evidentiary hearing in July 2022, the district court denied Braude's request for relief under the Hague Convention. Citing

3

Braude's "long and serious history of untreated mental[-]health issues," his "concerning history of angry and manipulative behavior," and his "arrest for access and possession of child pornography," the district court found that "[t]he record reflects [the] existence of factors in combination that create[d] a grave risk of harm if the children were returned to Canada." Sp. App'x at 17–21. Furthermore, the district court found that Braude's proposed ameliorative measures would not adequately "prioritize the children's physical and psychological safety." *Id.* at 21–22. Braude timely appealed, asking us to expand the record on appeal and, on the basis of the new evidence, hold that the district court erred in its grave-risk and ameliorative-measures findings.

As an initial matter, we deny Braude's motions to expand the record to include two categories of documents. Ordinarily, our review is limited to the record on appeal – meaning the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the district clerk, *see* Fed. R. App. P. 10(a)(1) – unless a litigant can show "extraordinary circumstances," *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015) (internal quotation marks omitted); *see also Int'l Bus. Machs. Corp. v.*

4

*Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). Braude has not shown any such extraordinary circumstances here.

First, Braude seeks consideration of a Canadian child-welfare agency's records spanning from October 2020 to August 2022 regarding Braude, Zierler, and their children (the "Agency Records"), which he allegedly requested months before the July 2022 evidentiary hearing but were not produced to him until September 2022. But the fact that the Agency Records were not available until after the district court issued its judgment is not in and of itself an extraordinary circumstance. *See, e.g., OneWorld, LLC v. Onoufriadis*, No. 21-374, 2021 WL 4452070, at *2 (2d Cir. Sept. 29, 2021). Furthermore, while Braude intimates that Zierler intentionally delayed the release of the Agency Records, we cannot say that this constitutes an extraordinary circumstance even if true, given that Braude – who was represented by counsel below – failed to raise this issue in the district court, and in fact requested an expedited hearing on his petition without having the Agency Records in hand. *See, e.g., Sloan v. United Techs. Corp.*, 596 F. App'x 35, 36 n.2 (2d Cir. 2015) (concluding that trial counsel's failure to include evidence in the district-court record was not an extraordinary circumstance); *see*

*also Zheng-Smith v. Nassau Health Care Corp.*, No. 20-3544, 2021 WL 4097316, at *1 n.1 (2d Cir. Sept. 9, 2021) (similar).

Second, Braude seeks consideration of Zierler's family offense petition filed in New York Family Court months after the July 2022 evidentiary hearing (the "November 2022 Petition"), arguing that it undermines Zierler's prior sworn testimony regarding abuse. But the fact that post-judgment evidence, had it existed at the time of the hearing, could have been relevant – or, in this case, could have been used to impeach the credibility of an adverse witness – is not enough to justify an expansion of the record on appeal. *See, e.g., Matos v. Comm'r of Social Sec.*, 618 F. App'x 14, 15 (2d Cir. 2015) (refusing to consider post-judgment evidence). Moreover, a brief perusal of the November 2022 Petition reflects that it is largely consistent with Zierler's earlier assertions that Braude had previously engaged in various forms of abuse. Given these facts, we find that Braude has failed to show extraordinary circumstances warranting expansion of the record.

Because Braude's only arguments on appeal rest on the new evidence we may not consider, he has abandoned all other challenges to the district court's decision, and we affirm. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). In any event, we note that our review of the record reveals that the district

court did not abuse its discretion, *see Golan*, 142 S. Ct. at 1895, as there was ample basis for the court's conclusions that returning the children to Canada would expose them to grave risk and that Braude's proposed ameliorative measures would not adequately protect them, *see id.* at 1892–95.

We have considered Braude's remaining arguments and find them to be without merit. Accordingly, we **DENY** the motions to expand the record on appeal and **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit